Charles V. SMITH, and Order of Railway Conductors and Brakemen General Committee of Adjustment for the Baltimore and Ohio Railroad, Plaintiffs,

v.

The BALTIMORE AND OHIO RAILROAD COMPANY, a Maryland corporation, Defendant,
and
Brotherhood of Railroad Trainmen, Intervenor-Defendant.

Civ. A. No. 3804.

United States District Court
S. D. Ohio, W. D.

Oct. 3, 1956.

870

J. A. Culbertson, Cincinnati, Ohio, for Brotherhood of Railroad Trainmen.

Joseph A. Segal, Cincinnati, Ohio, for plaintiffs.

S. R. Prince, Baltimore, Md., Philip J. Schneider, John M. O'Mara, Cincinnati, Ohio, for Baltimore & Ohio R. Co.

DRUFFEL, District Judge.

1. The plaintiff, Charles V. Smith, is a resident of Hamilton County, Ohio, and is a citizen of the State of Ohio.

2. The plaintiff, Order of Railway Conductors and Brakemen General Committee of Adjustment for The Baltimore and Ohio Railroad (hereinafter called "the Conductors"), is a voluntary, unincorporated association with its principal place of business located in Cincinnati, Hamilton County, Ohio.

3. The defendant, The Baltimore and Ohio Railroad Company (hereinafter called "the B. & O."), is a Maryland corporation authorized to do business in

Ohio, and is a common carrier within the provisions of the Railway Labor Act, as amended, 45 U.S.C.A. § 151 et seq.

4. The intervenor-defendant, Brotherhood of Railroad Trainmen (hereinafter called "the Trainmen"), is a voluntary, unincorporated association with its principal place of business located at Cleveland, Cuyahoga County, Ohio.

5. This is an action for injunction brought by the Conductors and by Charles V. Smith for himself and others similarly situated against the B. & O. The Trainmen intervened as a party defendant. The amount in controversy with respect to the plaintiff Smith and with respect to each of the parties he purports to represent exceeds, exclusive of interest and costs, the sum of $3,000. The action involves and requires a determination of the validity of a union shop agreement negotiated under the provisions of the Railway Labor Act between the B. & O. and the Trainmen interpreted and applied by the parties thereto. This court has jurisdiction of the parties to this cause and the subject matter thereof because this is a suit arising under a law of the United States regulating commerce, the Railway Labor Act, Title 45 U.S.C.A. § 151 et seq. and under Section 2201 of the Judicial Code, 28 U.S.C.A. §§ 1337, 2201.

6. The plaintiff Smith is and has been since 1929 an employee of the B. & O. He was promoted to a conductor on August 6, 1944, and holds seniority as a conductor from and after such date. Since June 1, 1956, he has been employed by the B. & O. as a regularly assigned conductor, and since that date his assignments have all been those of a regularly assigned conductor.

7. The Conductors is a labor organization, national in scope, organized in accordance with the provisions of the Railway Labor Act. It has been the exclusive bargaining representative of the class and craft of conductors on the defendant's railroad for many years and is presently certified under date of January 13, 1945, as the bargaining representative of the class and craft of conductors on said railroad, pursuant to Section 2 of the Railway Labor Act, 45 U.S.C.A. § 152, and is acting as representative of said class and craft of conductors on the properties of the B. & O. pursuant to a collective bargaining agreement effective September 1, 1927, as amended, providing rates of pay, rules and working conditions for the said class and craft of conductors.

8. The Trainmen is a labor organization, national in scope, organized in accordance with the Railway Labor Act. It has been the exclusive bargaining representative of the class and craft of yard helpers, yard foremen, passenger and freight brakemen and flagmen, and switchtenders (hereinafter collectively called "trainmen"), for many years. Many of the employees heretofore represented by the Trainmen have been promoted to, have worked as and hold seniority as conductors.

9. Acting under the provisions of Section 2, Eleventh, of the Railway Labor Act, as amended, 45 U.S.C.A. § 152, Eleventh, the B. & O. and the Trainmen entered into a Union Shop Agreement dated September 20, 1951, which has been effective since October 1, 1951. A copy of such agreement (hereinafter called "the Trainmen's Union Shop Agreement"), is attached to the Complaint as Exhibit "A".

10. On July 1, 1952, the plaintiff Smith, who had theretofore been a member of the Trainmen, ceased to be a member of that organization on account of failure to pay dues and was not at that time a member of any railroad labor organization "national in scope". He did not become a member of any railroad labor organization "national in scope" until after he was cited on July 28, 1952, for violation of the Trainmen's Union Shop Agreement. He became a member of the Conductors on April 1, 1956, and has remained a member of the Conductors since that date.

11. On July 28, 1952, the Trainmen notified the B. & O. that the plaintiff Smith was in violation of the Trainmen's Union Shop Agreement; plaintiff

872

Smith was cited for this violation by the B. & O. on July 31, 1952; plaintiff Smith requested a hearing of the union shop charge on August 12, 1952; such a hearing was held on September 9, 1952; the decision in the case of plaintiff Smith was rendered on January 6, 1955, when the B. & O. notified him that his employment relationship would be terminated effective January 17, 1955; that on January 12, 1955, plaintiff Smith requested an appeal hearing, which, pursuant to notice of February 17, 1955, was duly held on February 28, 1955, and, on June 4, 1956, it was determined by the B. & O. that plaintiff Smith was in violation of the Trainmen's Union Shop Agreement between the B. & O. and the Trainmen; and, accordingly, he was notified on that date that his employment relationship with the B. & O. would be terminated June 14, 1956, on account of failure to comply with the terms of the Trainmen's Union Shop Agreement.

12. The 20 other conductors named on the list attached to the Stipulation filed herein are similarly situated to the plaintiff Smith. Each of them was promoted to a conductor with the B. & O. on the date opposite his name under the heading "Seniority Date as Conductor" and holds seniority as a conductor from and after said date. The Trainmen notified the B. & O. that each of said 20 conductors was in violation of the Trainmen's Union Shop Agreement on the date set forth opposite his name under the heading "Date Cited". The B. & O. has notified each of the first 9 conductors on the list that because of his failure to comply with the Trainmen's Union Shop Agreement his employment relationship with the B. & O. would cease on the date set forth opposite his name under the heading "Date Dropped". The B. & O. has not as yet terminated the employment relationship of the last 11 conductors on the list but will do so unless restrained by this Court.

13. The Trainmen's Union Shop Agreement has been construed and acted upon by the parties thereto, being the defendants herein, to require that an employee in violation thereof shall be discharged as an employee and thereby deprived of his status and seniority not only as a trainman but also as a conductor, and the Trainmen have demanded that the B. & O., in accordance with the construction of the parties thereto, not only terminate the employment and seniority as trainmen of plaintiff Smith and others similarly situated because of their noncompliance with the said Trainmen's Union Shop Agreement, but that the B. & O. also terminate their employment and seniority as conductors because of such noncompliance; and unless restrained by this court the B. & O. will acquiesce in said demand of the Trainmen and will, because of such noncompliance with the Trainmen's Union Shop Agreement, deprive and continue to deprive the plaintiff Smith and other conductors similarly situated of their employment and seniority as conductors.

14. The plaintiffs do not claim any right or relief with respect to the employment or seniority status of the plaintiff Smith or of others similarly situated as members of the class and craft of trainmen but only with respect to the employment and seniority status of the said individuals as members of the class and craft of conductors.

### Conclusions of Law

■ 1. This action arises under the laws of the United States regulating commerce and more particularly under the Railway Labor Act, as amended, Title 45 U.S.C.A. § 151 et seq., and the case is, therefore, within the jurisdiction of the court under Title 28 U.S.C.A. § 1337. Jurisdiction is also founded upon diversity of citizenship under Title 28 U.S.C.A. § 1332. This court has jurisdiction of the subject matter of this action and of the parties thereto.

■ 2. The action is properly brought as a class action under Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C.A. on behalf of conductors similarly situated to the plaintiff Smith.

3. The Union Shop Agreement between the B. & O. and the Trainmen as interpreted and applied by the parties thereto is invalid and in violation of the Railway Labor Act, as amended, and particularly Section 2, Third, Fourth, Seventh, Ninth and Eleventh thereof, to the extent that said agreement destroys the employment and seniority rights of Smith and others similarly situated as conductors and as members of the craft and class of conductors.

4. The termination of the employment and seniority rights as conductors of the plaintiff Smith and others similarly situated because of their noncompliance with the Union Shop Agreement between the Trainmen and the B. & O. Railroad is unlawful under the Railway Labor Act, as amended, and particularly Section 2, Third, Fourth, Seventh, Ninth and Eleventh thereof.

5. The termination of the employment and seniority as conductors of the plaintiff Smith and others similarly situated is a violation, encroachment and infringement of the rights of the Conductors to the exclusive representation of the class and craft of conductors on the B. & O. under the provisions of the Railway Labor Act, as amended, and particularly Section 2, Third, Fourth, Seventh, Ninth and Eleventh thereof.

6. Insofar as such discharges will terminate the employment status and seniority as trainmen of the plaintiff Smith and others similarly situated, the plaintiffs do not seek and are not entitled to relief with respect thereto.

7. The controversy in this case does not involve or require the interpretation of the Trainmen's Union Shop Agreement inasmuch as there is no dispute between the Trainmen and the B. & O. Railroad, the only parties to the agreement, as to its interpretation or application. The National Railroad Adjustment Board is therefore without jurisdiction and plaintiff and others similarly situated are without an adequate administrative remedy. Unless this court acts, the employment and seniority rights as conductors of Smith and others similarly situated will be terminated and destroyed, and this court has jurisdiction and power to grant injunctive relief.

8. The Conductors, as a railway labor organization, likewise do not have any administrative remedy available to them under the procedures provided by the Railway Labor Act as the bargaining representative of the class and craft of conductors on the defendant's railroad, which rights the defendants have violated and are threatening to violate, and this court has jurisdiction and power to grant injunctive relief to protect the rights of representation of said organization.

9. Plaintiffs are entitled to a permanent injunction against the B. & O., as prayed for in the Amended and Substituted Complaint, and to a permanent injunction against the Trainmen restraining it from taking any action to require termination by the B. & O., of the employment and seniority as conductors of the plaintiff Smith and those similarly situated.

It is ordered, adjudged and decreed: 1. That the defendants, the Baltimore & Ohio Railroad Company and the Brotherhood of Railroad Trainmen, their officers, agents, servants, employees, attorneys and all persons in active concert or participation with them, be and they are hereby restrained and enjoined from terminating or taking any action to require the termination of the employment status and seniority of the plaintiff Charles V. Smith and all other employees similarly situated as conductors because of their failure to comply with the Union Shop Agreement between the defendants dated September 20, 1951, and are further restrained and enjoined from continuing to deny the employment status and seniority as conductors of any employees similarly situated to said plaintiff Charles V. Smith whose employment status and seniority as conductors has been heretofore terminated because of noncompliance with said Union Shop Agreement.

2. Nothing herein shall be construed as in any manner enjoining the defendants, the Baltimore & Ohio Railroad Company and the Brotherhood of Railroad Trainmen, from terminating the employment and seniority as trainmen of the plaintiff Smith and other employees similarly situated or as enjoining the defendants from in any way taking any action to compel or require the termination of their employment and seniority as trainmen.

3. The costs of this action are taxed to the defendants.

The defendant, Brotherhood of Railroad Trainmen, excepts.